COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued by teleconference


JOHN DAVID LOVELACE
                                                OPINION BY
v.          Record No. 1075-97-2      JUDGE JOSEPH E. BAKER
                                                 JUNE 16, 1998
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                       William L. Wellons, Judge

               Joseph A. Sanzone (Joseph A. Sanzone
               Associates, P.C., on brief), for appellant.

               Eugene Murphy, Assistant Attorney General
               (Mark L. Earley, Attorney General, on brief),
               for appellee.


     John David Lovelace (appellant) appeals his bench trial

convictions by the Circuit Court of Halifax County (trial court)

for possession of marijuana and possession of cocaine with intent

to distribute.  He contends the trial court erred in (1) denying

his motion to suppress and (2) finding the evidence sufficient to

prove he intended to distribute the cocaine.  For the reasons

that follow, we affirm the convictions.

     At about 10:00 p.m. on August 23, 1996, Halifax County

Deputies Sweeny and Womack saw appellant standing near a

convenience store in an area "known as a[n] open air drug

market."  He was drinking from a green glass bottle.  Deputy

Sweeny believed the bottle contained beer, and he told appellant

to drop the bottle and lie face down on the ground.  "[S]everal

other officers converg[ed] on the lot at the same time."  "[D]ue

to the number of people on the lot," Officer Womack thought it was in the officers' best interest "to put these subjects down on the ground so we could handle the situation if somebody wanted to act up." Womack testified that appellant was being detained because of the open container of beer.

When Womack told appellant to drop the bottle and lie face down on the ground, appellant dropped and broke the bottle. Near appellant's feet, Deputy Womack observed several open bottles of beer and five unopen bottles of beer in a carton. Womack had already seen a bottle hit a car beside appellant as Womack was approaching. Womack smelled the odor of alcohol as he was talking to appellant, although he could not say whether the odor was coming from appellant or from the bottle that had been broken nearby. The bottle which hit the car came from the area where appellant was standing, but Womack did not see whether appellant threw it.

Once appellant was on the ground, Womack asked him whether he had any drugs or guns. Appellant did not reply. Womack then patted appellant down and detected "something in his pocket . . . [that] felt like a bag." "[D]uring [Womack's] experience [he'd] found drugs before on people, and sometimes they carried it in these kind[s] of bags. . . . [He] didn't know if it was a plastic bag or what at that time, but [he] felt some lumps and . . . felt it to be squooshy." Womack could not tell what was in the bag; however, he retrieved the bag, which was later

determined to contain 2.38 grams of crack cocaine rocks and 2.96 grams of marijuana. He placed appellant under arrest for possession of marijuana and cocaine. In appellant's possession, Womack found a black pouch containing $121 and a razor blade. In appellant's pocket, he found $171.30, made up mostly of ten- and twenty-dollar bills.

Womack, who had been a narcotics investigator for about a year and had participated in the investigation and prosecution of thirty-five to forty cocaine cases, was accepted by the court as an expert. He testified that the bag of cocaine found on appellant was "cut up [for sale in dollar amounts of] twenties . . . [and] forties." Womack believed that the quantity of cocaine was inconsistent with personal use and consistent with distribution. Although the form of cocaine found on appellant would usually be smoked, Womack found no smoking devices on appellant or in his car. Womack further testified that possession of the money in ten- and twenty-dollar bills also was "consistent with distribution of crack cocaine."

Appellant moved to suppress the evidence, claiming he was illegally searched and seized without probable cause to arrest because the content of the open containers was not confirmed and, in fact, he had not been arrested. Even if the officers had probable cause to arrest for the alcohol offense, he contended the offense required that he be released on a summons without a custodial arrest and that Officer Womack was not entitled to

conduct a search incident to arrest under those circumstances.

Moreover, appellant argued that although the patdown may have

been appropriate, the complete search was not permitted because

Womack could not identify the plastic bag or its contents by feel

and Womack did not believe the item was a gun. The trial court

denied the motion to suppress, holding that the evidence was

sufficient to give the officers probable cause to conduct the

search.

### Motion to Suppress

In reviewing a trial court's denial of a motion to suppress,

"the burden is upon [appellant] to show that this ruling, when

the evidence is considered most favorably to the Commonwealth,

constituted reversible error." Fore v. Commonwealth, 220 Va.

1007, 1010, 265 S.E.2d 729, 731 (1980). "Ultimate questions of

reasonable suspicion and probable cause to make a warrantless

search" involve issues of both law and fact and are reviewed de

novo on appeal. See Ornelas v. United States, 517 U.S. 690, 691

(1996). "In performing such analysis, we are bound by the trial

court's findings of historical fact unless 'plainly wrong' or

without evidence to support them[,] and we give due weight to the

inferences drawn from those facts by resident judges and local

law enforcement officers." McGee v. Commonwealth, 25 Va. App.

193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas,

517 U.S. at 699).

As a general rule of constitutional law, an officer properly

may make a warrantless arrest if he has probable cause to believe the arrestee has committed a crime, see Thompson v. Commonwealth, 10 Va. App. 117, 121, 390 S.E.2d 198, 201 (1990) (citing United States v. Watson, 423 U.S. 411, 423 (1976)), and the officer may search the individual incident to that lawful arrest. See DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987) (citing Illinois v. Lafayette, 462 U.S. 640, 646 (1983)). However, if probable cause is lacking, the arrest is illegal, and any evidence seized pursuant to that arrest is subject to exclusion under Mapp v. Ohio, 367 U.S. 643 (1961).

We hold that Officer Womack's search of appellant's pocket did not violate the Fourth Amendment because probable cause existed to arrest appellant for drinking from an open container of alcohol in violation of Code § 4.1-308, a Class 4 misdemeanor. The existence of probable cause to arrest gave Womack constitutional authority to conduct a full search of appellant's person incident to that arrest.

"'The probable cause standard does not require actual knowledge. "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause."'" Quigley v. Commonwealth, 14 Va. App. 28, 34, 414 S.E.2d 851, 855 (1992) (quoting Wescott v. Commonwealth, 216 Va. 123, 126, 216 S.E.2d 60, 63 (1975) (citation omitted)).

> "As an articulated legal standard, probable cause deals with probabilities concerning the factual and practical considerations in everyday life as perceived by reasonable and prudent persons. It is not predicated upon a

clinical analysis applied by legal technicians. In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control."

DePriest, 4 Va. App. at 584, 359 S.E.2d at 543 (quoting Washington v. Commonwealth, 219 Va. 857, 862, 252 S.E.2d 326, 329 (1979)) (other citations omitted).

Here, the officers saw appellant drinking from a green bottle. Although that bottle was broken, the officers found at appellant's feet several open bottles of beer and five unopen bottles in a carton. Officer Womack smelled the odor of alcohol as he talked to appellant. This evidence was sufficient to give the officers probable cause to arrest appellant for drinking alcohol in public. The officers' failure to cite appellant for that offense and the Commonwealth's failure to provide evidence to support a conviction for that offense are not dispositive factors because probable cause deals with probabilities rather than certainties.

In addition, the officers' subjective motivations in searching appellant are not relevant in this case. "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Whren v. United States, 517 U.S. 806, 813 (1996). "'[T]hat the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively,

justify that action.'"  Id. (quoting Scott v. United States, 436

U.S. 128, 138 (1978)) (emphasis added); see also Ohio v.

Robinette, 117 S. Ct. 417, 420-21 (1996); Limonja v.

Commonwealth, 8 Va. App. 532, 537-38, 383 S.E.2d 476, 479-80

(1989).

Despite appellant's argument to the contrary, we hold that

Code § 19.2-74 does not delimit the officers' constitutional

authority to search.  That code section provides, in relevant

part, that where a "person is detained by or is in the custody of

an arresting officer" for a violation punishable as a Class 4

misdemeanor or any other misdemeanor for which he cannot receive

a jail sentence,

> the arresting officer shall take the name and
> address of such person and issue a summons or
> otherwise notify him in writing to appear at
> a time and place to be specified in such
> summons or notice.  Upon the giving of such
> person of his written promise to appear at
> such time and place, the officer shall
> forthwith release him from custody.  However,
> if any such person shall fail or refuse to
> discontinue the unlawful act, the officer may
> proceed according to the provisions of
> § 19.2-82.

Code § 19.2-74(A)(2) (emphasis added).  Code § 19.2-74,

therefore, clearly permits an officer to "detain[]" an alleged

violator or take him into "custody" long enough to issue a

summons.

In addition, that code section contains no language

nullifying the officer's ability to search based on the existence

of probable cause.  We hold that the existence of probable cause

to arrest pursuant to the Constitution is both necessary and sufficient.  See United States v. Ricard, 563 F.2d 45, 49 (2d Cir. 1977) (holding that probable cause to arrest permitted officer to conduct full search without effecting full custodial arrest), cert. denied, 435 U.S. 916 (1978); State v. Doran, 563 N.W.2d 620, 622 (Iowa 1997); State v. Greenslit, 559 A.2d 672, 674 (Vt. 1989); State v. King, 418 N.W.2d 11, 13 (Wis. Ct. App. 1987).  The Constitution does not require a full custodial arrest to permit a complete search of the arrestee; nor does Code § 19.2-74 impose such a requirement.  Although a state is free to provide safeguards above and beyond those guaranteed by the United States Constitution, see Penn v. Commonwealth, 13 Va. App. 399, 407, 412 S.E.2d 189, 193-94 (1991), aff'd per curiam, 244 Va. 218, 420 S.E.2d 713 (1992), nothing in Code § 19.2-74 indicates the legislature's intent to abrogate the authority to search based on probable cause.  Finally, even if the legislature did so intend, violation of the statute would not require suppression of evidence obtained in contravention of its terms, absent express provision to the contrary by the legislature.  See Thompson, 10 Va. App. at 122, 390 S.E.2d at 201 ("While violations of state procedural statutes are viewed with disfavor, neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such violations.") (citation omitted).

Here, Officer Womack took appellant into custody on the open

container violation, for which he had probable cause to arrest. Once appellant was in custody, that probable cause permitted Womack to search appellant. Pursuant to that lawful search, Womack found cocaine and marijuana, the possession of which constituted a felony.

Accordingly, we hold that the search of appellant was proper and that the trial court properly denied appellant's motion to suppress.

### Intent to Distribute

In reviewing the sufficiency of the evidence, we examine the record in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the

defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong. See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

"Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Such evidence may include the quantity of drugs and cash possessed and whether the accused used drugs. See Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d 527, 530 (1993). Possession of a large sum of money, especially in small denominations, and the absence of any paraphernalia suggestive of personal use, are regularly recognized as factors indicating an intent to distribute. See Colbert v. Commonwealth, 219 Va. 1, 3, 4, 244 S.E.2d 748, 749, 749 (1978).

Here, appellant possessed 2.38 grams of crack cocaine rocks and 2.96 grams of marijuana, $292.30 in cash, at least $170 of which comprised ten- and twenty-dollar bills, and a razor blade. Officer Womack, qualified as an expert, testified that the quantity of cocaine found was inconsistent with personal use and consistent with distribution. In addition, Womack testified that appellant's possession of the money in ten- and twenty-dollar bills was "consistent with distribution of crack cocaine."

- 10 -

Finally, although the type of cocaine found on appellant was usually smoked, police found no evidence of personal use of either the cocaine or the marijuana on appellant or in his nearby vehicle.  On cross-examination, Womack said the quantity of cocaine appellant possessed could possibly have been "used in a day" and that appellant could have purchased the drugs as they were packaged and could have possessed the razor blade for personal use of the cocaine rather than for distribution. However, no evidence in the record proved that appellant personally used cocaine.  Therefore, the only reasonable hypothesis flowing from the evidence is that appellant intended to distribute the cocaine.

For these reasons, we hold that the trial court did not err in denying appellant's motion to suppress and in finding the evidence sufficient to prove he intended to distribute the cocaine.

                                                    Affirmed.