COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Baker[*]
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[**] BY
v.          Record No. 0867-98-1    JUDGE RICHARD S. BRAY
                                         AUGUST 18, 1998
GEORGE GRIFFIN


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    H. Thomas Padrick, Jr., Judge

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellant.

            James R. McKenry (Heilig, McKenry, Fraim &
            Lollar, on brief), for appellee.


     George Griffin (defendant) was before the trial court on

indictments alleging possession of cocaine with intent to

distribute, possession of a firearm by a convicted felon, and

distribution of cocaine within 1,000 feet of a school.  Defendant

moved the court to suppress evidence related to the offenses,

complaining of a warrantless, unlawful search and seizure.

Following an <u>ore</u> <u>tenus</u> hearing on defendant's motion, the court

concluded that the existence of probable cause required police to

proceed by search warrant and granted defendant's motion.  The

Commonwealth appeals pursuant to Code § 19.2-398, and we reverse

     [*]Judge Baker participated in the hearing and decision of
this case prior to the effective date of his retirement on July
31, 1998 and thereafter by his designation as senior judge
pursuant to Code § 17-116.01.

     [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the order.

The parties are fully conversant with the record, and a recitation of the attendant facts is unnecessary to our disposition of this appeal.

Guided by well established principles, we view the evidence in the light most favorable to the prevailing party below, defendant in this instance, granting all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "Questions of . . . probable cause to make a warrantless search are subject to de novo review on appeal. 'In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them.'" Archer v. Commonwealth, 26 Va. App. 1, 8, 492 S.E.2d 826, 830 (1997) (citations omitted).

The facts are not in dispute and it is uncontroverted that police had probable cause to believe that defendant possessed cocaine at the time of the challenged search and seizure. Under such circumstances, a warrantless arrest of defendant, together with an incidental search and seizure of his person, was lawful. Lovelace v. Commonwealth, 27 Va. App. 575, 582-83, 500 S.E.2d 267, 271 (1998); Code § 19.2-81. Contrary to defendant's contention, Detective Savino's intentions in undertaking the search "play no role in ordinary, probable cause Fourth Amendment analysis." Whren v. United States, 517 U.S. 806, 813 (1996);

- 2 -

Lovelace, 27 Va. App. at 584, 500 S.E.2d at 271.  Similarly, it is of no moment that defendant's arrest followed the search "[w]here, as here, the product of the search was not essential to probable cause to arrest" and was quickly followed by such arrest.  Wright v. Commonwealth, 222 Va. 188, 192, 278 S.E.2d 849, 852-53 (1981).

Accordingly, we reverse the order suppressing the subject evidence and remand for further proceedings consistent with this opinion.

Reversed and remanded.