COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Elder and Bray
Argued at Richmond, Virginia


LATWAN MARCEL JACKSON

MEMORANDUM OPINION[*] BY
v.    Record No. 1630-99-2        JUDGE RICHARD S. BRAY
                                          JUNE 12, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Robert J. Rice (Rice, Everhart & Baber, on
brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Latwan Marcel Jackson (defendant) was convicted in a bench

trial for possession of cocaine with the intent to distribute and

possession of marijuana, violations of Code §§ 18.2-248 and

-250.1, respectively.  On appeal, he complains the trial court

erroneously denied his motion to suppress evidence obtained by

police incident to an unconstitutional seizure and search of his

person.  Finding no error, we affirm the convictions.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon the defendant to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve issues of both law and fact, reviewable de novo on appeal. Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657 (1996). "[I]n performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

At the pretrial hearing on defendant's motion to suppress evidence of the offending drugs, Richmond Police Officer Peter A. Capelli, III, testified he "received a page that . . . a black male wearing a green and white jacket with blue pants on by the name of Twan . . . was holding an amount of cocaine in his groin." Capelli, accompanied by two officers, responded to the reported location in a police vehicle, arriving within thirty seconds of the message. Capelli immediately observed a man, later identified as defendant, matching the description, "walking down the street,"

-

"about to light up" a "cigar wrapper in his right hand." As the trio of officers "pulled up," defendant quickly placed the "cigar" "into a tube" held in his left hand.

Capelli, a police officer trained and experienced in the "drug trade," "believe[d]" the "cigar wrapper" was marijuana, "knew exactly what it was," explaining, "you don't see a rolled brown wrapper unless it's going to be marijuana[,] . . . people take the tobacco out of the cigar . . . put marijuana in it, roll it back up and smoke it." He had "viewed many people that use marijuana in that fashion and that is a known reason for that." Capelli "asked" defendant his name through the car window and, as defendant answered, Capelli exited the vehicle and requested, "can I see the tube?" In response, defendant surrendered it to Capelli and he confirmed the "cigar wrapper" contained marijuana. Capelli then arrested defendant for possession of the drug, and an incidental search of his person revealed the offending cocaine.

In denying defendant's motion, the trial court expressly found that "[t]he officer saw a hand rolled marijuana cigar[,] which he recognized. . . . This is a situation where an officer in fact saw what he had reason to believe based on his knowledge and experience and training was an illegal substance." Defendant was thereafter convicted of the subject offenses, resulting in the instant appeal.

-

II.

Although the trial judge apparently treated the instant police/citizen encounter as a Terry stop, we regard the seizure of defendant as an arrest and review the circumstances accordingly.[1]

"As a general rule of constitutional law, an officer properly may make a warrantless arrest if he has probable cause to believe the arrestee has committed a crime, and the officer may search the individual incident to that lawful arrest." Lovelace v. Commonwealth, 27 Va. App. 575, 582, 500 S.E.2d 267, 271 (1998) (internal citations omitted). "To establish probable cause, the Commonwealth must show 'a probability or substantial chance of criminal activity, not an actual showing' that a crime was committed." Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (citation omitted).

"In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purpose of crime control." Powell v. Commonwealth, 27 Va. App. 173, 176-77, 497 S.E.2d 899, 900 (1998) (citation omitted). "'So long as probable cause to arrest exists at the time of the search, . . . it is unimportant that the search preceded the formal arrest if the arrest followed quickly on the heels of the challenged

---

[1] "An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason." Driscoll v. Com., 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992).

-

search.'" Ross v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (2001) (citation omitted).

Here, when first observed by Capelli, defendant was "about to light up" a "cigar wrapper," but "into the tube it went" with the approach of police. However, before defendant concealed the "wrapper," Capelli identified the item as a cigar modified for the smoking of marijuana. Such circumstances were clearly sufficient to provide probable cause to believe defendant then possessed marijuana, justifying an immediate warrantless arrest and related search.

Accordingly, evidence of the offending drugs was the product of a lawful seizure and search, and we affirm the convictions.

Affirmed.

-