COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Humphreys
Argued by teleconference


HERMAN LEE JONES, JR.

MEMORANDUM OPINION* BY
v.    Record No. 1586-01-2          JUDGE RICHARD S. BRAY
JUNE 18, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Learned D. Barry, Judge

Gregory W. Franklin, Assistant Public
Defender, for appellant.

Marla Graff Decker, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Herman Lee Jones, Jr. (defendant) was convicted in a bench

trial for possession of heroin in violation of Code § 18.2-250.

On appeal, he complains the trial court erroneously denied his

motion to suppress the offending drugs.  We disagree and affirm

the conviction.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

In reviewing a trial court's ruling on a suppression motion, we consider the evidence in the light most favorable to the prevailing party below, the Commonwealth in this instance, granting to it all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

> "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed de novo on appeal. In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691, 699 (1996)). "On appeal, it is the defendant's burden to show 'that the denial of [the] motion to suppress constitute[d] reversible error.'" Moss v. Commonwealth, 30 Va. App. 219, 223, 516 S.E.2d 246, 248 (1999) (citation omitted). "Our review of the record includes evidence adduced at both the trial and the suppression hearing." Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).

Viewed accordingly, the instant record discloses that, on January 8, 2001, Richmond Police Officer Thomas L. Gilbert, while on routine patrol in a "high drug area" at approximately

-

9:00 a.m., observed defendant walking "down the middle of [a] street" lined with "sidewalks on both sides."[1]  As defendant "pas[sed] [the] police vehicle," Gilbert noticed "a silver foil package" "in his left hand," which was "loosely cupped so . . . [Gilbert] could see the object inside of it."  Based on his "training and experience," including "over a hundred" drug-related arrests, "probably twenty-five arrests right there in a four block radius," Gilbert "believed" the "foil package" contained heroin because "heroin is normally packaged in aluminum foil" "in that area."

Investigating, Gilbert "asked [defendant] if [he] could speak to him" and, as defendant "turned around and faced" him, inquired, "what is in [your] hand?"  Defendant responded, "what?" and became "very evasive," "clinch[ing] his fist" and "tr[ying] to take what was in his left hand and put it in his right hand."  When defendant "got [his hands] up around his chest," Gilbert "grabbed [defendant's] arm, and another officer, Wayne Stewart, grabbed the other arm," explaining that "if it's heroin, and that's all it is, we'll deal with it.  If it's not, everything is going to be all right."  Gilbert then "retrieved the foil package" and arrested defendant for the instant offense.  Subsequent investigation and analysis of the package contents revealed .068 grams of heroin.

---

[1] Gilbert testified he "could have written [defendant] a summons for unauthorized use of the highway by a pedestrian," but decided instead to approach him and "engage[] in a conversation."

-

Prior to trial, defendant moved the court to suppress the offending drug, complaining of a warrantless, unlawful search and seizure. The trial court denied the motion and convicted defendant, resulting in the subject appeal.

II.

Defendant contends Gilbert "grabbed his arm" and searched the "foil package" with neither reasonable or articulable suspicion that he was engaged in criminal activity nor probable cause to arrest. We disagree, finding Gilbert had probable cause to arrest defendant and undertake a related search of the package.

"As a general rule of constitutional law, an officer properly may make a warrantless arrest if he has probable cause to believe the arrestee has committed a crime, and the officer may search the individual incident to that lawful arrest." Lovelace v. Commonwealth, 27 Va. App. 575, 582, 500 S.E.2d 267, 271 (1998) (internal citations omitted). "To establish probable cause, the Commonwealth must show 'a probability or substantial chance of criminal activity, not an actual showing' that a crime was committed." Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (citation omitted).

"In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." Powell v. Commonwealth, 27 Va. App. 173,

-

177, 497 S.E.2d 899, 900 (1998) (citation omitted).  "'So long as probable cause to arrest exists at the time of the search, . . . it is unimportant that the search preceded the formal arrest if the arrest followed quickly on the heels of the challenged search.'"  Ross v. Commonwealth, 35 Va. App. 103, 107, 542 S.E.2d 819, 821 (2001) (quoting Carter v. Commonwealth, 9 Va. App. 310, 312, 387 S.E.2d 505, 506-07 (1990)).

Here, when first observed by Gilbert, defendant was "walking" "down the middle of [a] street" lined with sidewalks in a "high drug area," notorious for harboring drug dealers. Defendant was carrying "a silver foil package" in his "loosely cupped" hand.  Based on police "training and experience," including "over one hundred" drug arrests and "probably twenty-five arrests right there in a four block radius," Gilbert believed the "foil package" contained heroin because, "[i]n that area," "heroin is normally packaged in aluminum foil." Approaching defendant, Gilbert noted he became "very evasive," "clinch[ing] his fist" and attempting to conceal the "foil package" by transferring it from "his left hand" to "his right hand," conduct that suggested the "package" contained contraband.

The totality of such circumstances, viewed objectively, was clearly sufficient to provide probable cause to believe defendant possessed heroin, justifying an immediate warrantless arrest and related search.  Accordingly, the trial court

-

correctly denied the motion to suppress, and we affirm the conviction.

Affirmed.