COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


ELMER MILTEER, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0939-02-1         JUDGE RICHARD S. BRAY
                                         JUNE 3, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                   Westbrook J. Parker, Judge

          J. Roger Griffin, Jr. (Chris A. Christie;
          Christie, Kantor, Griffin & Smith, P.C., on
          brief), for appellant.

          John H. McLees, Senior Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Elmer Milteer (defendant) was convicted in a bench trial for

violations of Code §§ 59.1-41.3 and 59.1-41.4, proscribed conduct

related to "Records, Tapes and Other Recorded Devices."  As a

result of the convictions, the court found defendant in violation

of previously imposed probation and revoked suspension of the

attendant sentence.

     On appeal, defendant complains:  (1) police arrested him

without probable cause, (2) the trial court erroneously convicted

him of violating both Code § 59.1-41.4 and "the unlawful

possession of cassettes produced in violation of Chapter 3.1,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Title 59.1," and (3) the evidence was insufficient to support the convictions. Accordingly, defendant further contends the probation revocation also was in error. We affirm the trial court.

I.

Defendant first maintains the trial court erroneously denied his motion to suppress evidence obtained incidental to an arrest without probable cause. Upon review of a denial of a motion to suppress, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "However, we consider de novo whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed upon an area protected by the Fourth Amendment." Hughes v. Commonwealth, 31 Va. App. 447, 454, 524 S.E.2d 155, 159 (2000) (en banc) (citing McGee, 25 Va. App. at 198, 487 S.E.2d at 261).

The instant record establishes that Norfolk Police Investigators Steve Stephens and Maurice Joseph, while

-

"screen[ing] packages" at a Federal Express facility, observed two parcels shipped from New York by "Marmadu Balde" to "Guy," 407 Pretlow Street, Franklin, Virginia. The investigators recognized the articles as consistent with previously encountered shipments from "Marmadu Balde" that contained illegally manufactured compact discs and videotapes and secured a search warrant for each. Upon opening the boxes, they discovered one hundred thirteen (113) "counterfeit" compact discs and ninety (90) "counterfeit" videotapes.

To facilitate a "controlled delivery" of the packages, each was rewrapped and Investigator Joseph, posing as a Federal Express employee, proceeded to the designated address, a "business." Initially unable to deliver the items because the "person there . . . couldn't pay the shipping charges," Joseph returned a short time later and found defendant "standing outside" an automobile in the "parking lot" that served "the business." Joseph approached defendant, declared, "I have a delivery," and advised him that delivery charges totaled $101.40. Without inquiry or hesitation, defendant paid Joseph $102, accepted the parcels, placed them in the rear of the vehicle and, after "look[ing] around," drove away.

Police followed and stopped and arrested defendant within a few blocks. Related searches of defendant and the vehicle yielded an assortment of counterfeit videotapes and compact

-

discs, together with an "Underground Wholesale Price List" for like articles. Further investigation disclosed defendant was "involved in the business of selling goods . . . CDs etcetera" from "the back of his truck."

"As a general rule of constitutional law, an officer properly may make a warrantless arrest if he has probable cause to believe the arrestee has committed a crime, and the officer may search the individual incident to that lawful arrest." Lovelace v. Commonwealth, 27 Va. App. 575, 582, 500 S.E.2d 267, 271 (1998) (citations omitted). "To establish probable cause, the Commonwealth must show 'a probability or substantial chance of criminal activity, not an actual showing' that a crime was committed." Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (citation omitted). "If an officer has reason to believe that a person is committing a felony in his presence by possessing contraband . . . , the officer has probable cause to arrest the individual without a warrant." Buck v. Commonwealth, 20 Va. App. 298, 304, 456 S.E.2d 534, 536-37 (1995). In assessing probable cause, "courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." Powell v. Commonwealth, 27 Va. App. 173, 177, 497 S.E.2d 899, 900 (1998) (citation omitted).

-

Here, at the instant of arrest, police investigation confirmed defendant possessed contraband, after personally paying related delivery charges, accepting the illicit articles in the parking area that served the delivery address, and driving away.  Such evidence clearly invested police with the requisite probable cause to believe defendant knowingly possessed the unlawful recordings.

## II.

Defendant next contends the trial court erroneously convicted him for violations of both Code § 59.1-41.3 and Code § 59.1-41.4.  He maintains Code § 59.1-41.4 is merely a "regulatory" statute intended to "allow law enforcement agents to determine whether recorded materials were lawfully recorded," a "mechanism" to aid enforcement of Code § 59.1-41.3.  Thus, defendant reasons that failure to comply with Code § 59.1-41.4 constitutes criminal conduct only when read in conjunction with Code § 59.1-41.3[1] and, therefore, is not a separate offense. Defendant's argument ignores a plain reading of the relevant statutes.

Code § 59.1-41.2, in pertinent part, declares it "unlawful for any person" to "manufacture, distribute, transport or wholesale recordings, or cause to be manufactured, distributed,

---

[1] Defendant similarly argued before the trial court that Code § 59.1-43.3 simply "giv[es] teeth for [59.1-43].2."

-

transported or sold as wholesale, or possess for such purposes any article with the knowledge that the sounds are so transferred, without the consent of the owner."[2]

Code § 59.1-41.3 makes it "unlawful for any person to . . . possess for the purpose of selling or renting <u>any recorded device that has been produced, manufactured, distributed, or acquired in violation of any provision of this chapter</u>." (Emphasis added.)

Code § 59.1-41.4 requires that "every recorded device sold, rented or transferred or possessed for the purpose of sale, rental or transfer by any manufacturer, distributor, or wholesale or retail merchant shall contain on its packaging the true name and address of the manufacturer."

Thus, when defendant at once possessed recordings proscribed by Code § 59.1-41.2 and packaged contrary to Code § 59.1-41.4, he violated two distinct provisions of Chapter 3.1. Code § 59.1-41.3 imposes criminal liability upon the sale, rental or related possessing of a "recorded device . . . produced, manufactured, distributed or acquired in violation of <u>any</u> provision of this chapter." (Emphasis added.) Accordingly, defendant was culpable pursuant to Code § 59.1-41.3 for both offenses.

---

[2] The instant indictment specifically alleges conduct "in violation of Chapter 3.1 of Title 59.1 . . . . ."

-

III.

Lastly, defendant contends the Commonwealth failed to prove beyond a reasonable doubt that he "was aware [the tapes] . . . were in violation of the regulations for recorded materials." Relying upon testimony of the "subtle distinctions" between lawful and counterfeit packaging and recordings, defendant insists the evidence did not establish the requisite "knowledge that his business in any way violated the law."

However, defendant's argument before the trial court embraced only the contention that "the Commonwealth has . . . not proven the case that [he] had the intent to distribute or sell these items."  An argument presented before the trial court does not preserve a different issue for appeal.  See Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978); Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997).  Thus, because defendant only challenged below the sufficiency of the evidence to prove the intent element of the offense and not the knowledge component argued today, we decline to address the issue.  See Rule 5A:18.  Moreover, the evidence clearly established defendant, a vendor of "CDs etcetera," possessed numerous counterfeit recordings, all unlawfully labeled and packaged, together with a related "price list," and readily accepted the subject contraband, circumstances that

-

belie innocent possession and negate invocation of the "good cause" or "ends of justice" exceptions to Rule 5A:18.

Because we find no error in the instant convictions, we affirm the court's finding that defendant violated the terms of probation and revocation of the attendant suspended sentence.

Accordingly, we affirm the trial court.

Affirmed.