COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


EUGENE FORD
                                          MEMORANDUM OPINION* BY
v.        Record Nos. 0446-03-1 and       JUDGE WALTER S. FELTON, JR.
                0455-03-1                      DECEMBER 16, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Rodham T. Delk, Jr., Judge

Felipita Athanas, Appellate Defender (Public Defender Commission,
on briefs), for appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Eugene Ford was convicted in a bench trial in the Circuit Court of Southampton County

for possession of cocaine with intent to distribute in violation of Code § 18.2-248.  Based on this

conviction, the trial court revoked two previously suspended sentences.  On appeal, Ford

contends (1) that the evidence was insufficient to sustain his conviction for possession of cocaine

with intent to distribute, and (2) that the trial court abused its discretion by revoking his

previously suspended sentences.  We disagree and affirm Ford's conviction and the revocation of

his suspended sentences.

---
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

When the sufficiency of the evidence is challenged on appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992). So viewed, the evidence established that at about 11:40 a.m. on March 8, 2002, Sergeant R.E. McClenny of the Franklin City Police Department received a call that Ford was selling cocaine in front of a store located in an area known for frequent drug activity. When McClenny approached Ford, whom he knew, Ford started to run. During the pursuit, McClenny observed Ford reach into his pocket and throw a plastic bag to the ground. McClenny apprehended Ford, and the two retraced their path to the object Ford had thrown away as he fled. McClenny recovered a plastic bag containing two pieces of crack cocaine weighing a total of 0.91 grams. Ford told the officer that the cocaine was not his. He also said that he had no need to sell drugs because he was working. Ford explained to McClenny that he ran because he had recently missed an appointment with his probation officer.

McClenny also recovered $344 in cash from Ford. The money was in five neatly folded bundles, segregated by denomination, and located in Ford's pants pockets and in different sections of his wallet. Ford's left front pants pocket contained $220, comprised of twenty-dollar bills and two ten-dollar bills. That same pocket contained three one-dollar bills in a separate bundle. The officer also recovered eleven dollars from the billfold of Ford's wallet, and another $100 from the memo area of the wallet in denominations of twenties, tens and fives. Lastly, Ford had ten dollars in one-dollar bills in the credit card holder section of his wallet. The officer found no smoking device on Ford, who testified at trial that he did not use drugs.

Sergeant Welch, an expert witness in the distribution of narcotics, testified that the quantity of cocaine in Ford's possession, coupled with the bundles of cash, especially in the

denominations in which Ford arranged his money, was inconsistent with personal use. Welch testified that some drug users might possess the amount of cocaine found on Ford, but that, in his experience, the typical user in the area possesses about 0.2 grams of cocaine.

## II. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient, as a matter of law, to prove he possessed cocaine with the intent to distribute. He argues that the amount of cocaine, two rocks weighing a total of 0.91 grams, was only consistent with personal use. He also argues that the way his cash was bundled and separated by denominations was not sufficient to prove his intent to distribute cocaine.

When considering a challenge to the sufficiency of the evidence, we presume the judgment of the trial court is correct and we will reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). "The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). We will not substitute our judgment for that of the trial court. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence." Lovelace v. Commonwealth, 27 Va. App. 575, 586, 500 S.E.2d 267, 272 (1998).

"While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Commonwealth v. Hudson, 265 Va. 505, 512-13, 578 S.E.2d 781, 785 (2003), revs'g Hudson v. Commonwealth, No. 0917-01-4 (Va. Ct. App. July 16, 2002) (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)). "Such evidence may include the quantity of drugs and cash possessed and whether appellant used drugs." Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (citations omitted).

The evidence showed that Ford was in possession of the cocaine. The officer's testimony that Ford dropped the cocaine contradicted Ford's denial that he dropped the package. The court chose to disbelieve Ford, a convicted felon. Ford claimed the money recovered from him by McClenny was part of his wages, but gave inconsistent testimony as to the names of his employers. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).

The record reflects sufficient evidence from which the court could reasonably find that Ford possessed cocaine with the intent to distribute. See Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) ("Possession of a large sum of money, especially in small denominations, and the absence of any paraphernalia suggestive of personal use, also are regularly recognized as factors indicating an intent to distribute.").

## B. REVOCATION

Ford argues that the trial court abused its discretion in revoking his suspended sentences, because it was based on his November 7, 2002 conviction for possession of cocaine with intent

to distribute. However on brief, Ford concedes that the revocation of his suspended sentence is contingent upon this Court's affirming his conviction. Because we affirm Ford's conviction, we find that the trial court did not abuse its discretion in finding that Ford's conviction during his probationary period was inconsistent with the terms and conditions of the probation.

We find the evidence sufficient to support Ford's conviction beyond a reasonable doubt. We also find no abuse of discretion by the trial court in revoking Ford's previously suspended sentences.

Accordingly, we affirm the conviction by the trial court.

<u>Affirmed.</u>