**Richmond**

JERRY EARL JONES

v.

COMMONWEALTH OF VIRGINIA

No. 1862-90-2

Decided January 28, 1992

COUNSEL

C. Linwood Gregory, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Jerry Earl Jones (defendant) was convicted in a jury trial of robbery and sentenced in accordance with the verdict to twenty years imprisonment. He contends that he was denied both his constitutional and statutory rights to a "speedy trial" and, further, that the evidence was insufficient to sustain the verdict. We disagree and affirm the conviction.

The evidence disclosed that, on the morning of March 17, 1989, Deputy John Stanton (Stanton) of the Williamsburg Sheriff's Department was transporting defendant from the "Richmond penitentiary" to Williamsburg. Defendant was manacled in "leg chains and . . . a waist chain that ha[d] a handcuff attached to each side." Stanton was the operator of the "unmarked" vehicle, defendant was seated in the rear and no "divider" separated the two.

In route, defendant suddenly stated, "Sheriff, don't make me blow your damn brains out." Stanton was "startled" and "scared" and "jerked" his "head to the right to see what was going on." He observed defendant with "an object . . . something metal that appeared to be the barrel of a pistol," which Stanton "assumed it was." The vehicle was then travelling "approximately 65 [mph]," and Stanton lost control for "10 or 15 seconds," until it came to rest in the grassy median.

Stanton immediately began to "look and feel for [his] gun," which was missing and had been "in [his] holster at the time . . . the car went out of control." Unarmed, the deputy "was fearful for [his] life" and, when defendant demanded that Stanton "get the car back on the road," he "decided . . . that [he] wasn't going with" defendant. In an effort to "wreck" the car and "bail out," Stanton "cut . . . toward the guardrail" and "jumped out on the grass." Defendant, however, "got to the wheel and got it straightened out" and escaped in the vehicle.

The car was discovered in downtown Richmond later the same day with its two radio antennae and several hubcaps removed and in the trunk. A "fake gun" was found on the rear seat. Defendant was arrested shortly thereafter on a Richmond street and Stanton's stolen pistol was found in the "waistband" of his trousers. He was indicted on March 20, 1989.

On defendant's motion, the trial court ordered a competency evaluation pursuant to Code § 19.2-169.1. This statute prescribes the procedure to determine the mental "capacity" of an accused "to understand the proceedings against him" or "assist his attorney in his own defense." Code § 19.2-169.1. If the court concludes that such inquiry is appropriate, it "shall" order an evaluation of the accused by designated professionals. With the cooperation of the attorney for the Commonwealth and the defendant in certain particulars, the designated professionals shall file a written report of their relevant findings and conclusions with the court.

▋While the statute requires that the report be "promptly submitted," it does not specify the time within which the examination must be conducted. Code § 19.2-169.1. It does, however, provide that "the court shall promptly determine whether the defendant is competent to stand trial," without the necessity of a "hearing" unless "requested" by the Commonwealth, defense counsel or incidental to defendant's hospitalization. *Id.*

The evaluation order was entered by the trial court on April 12, 1989. On April 21, 1989, May 10, 1989, and July 12, 1989, the institution responsible for the examination requested information from both the prosecuting and defense attorneys. The Commonwealth responded on July 28, 1989, and the defendant on September 7, 1989. Without explanation in the record, however, the evaluation was not conducted until January 3, 1990. The written report, dated January 24, 1990, was filed with the court and, at defendant's request, a "Mental Competency Hearing" was conducted on July 24, 1990. At the conclusion of the hearing, the trial court entered an order which found defendant "competent to stand trial" and, with "the mutual consent of the attorney for the Commonwealth, the attorney for the defendant and of the court," scheduled trial for August 27, 1990.

On the morning of trial, defendant moved the court to dismiss the indictment due to delay in "bringing defendant to trial" in violation of Code § 19.2-243 and the Sixth Amendment of the Constitution of the United States. It was undisputed that defendant had been incarcerated since his arrest, albeit for unrelated reasons.

The provisions of Code § 19.2-243 relevant to this appeal require that the trial of an incarcerated accused commence within five months of indictment, or, in this instance, on or before August 19, 1989 (152 days from March 20, 1989), absent application of one or more exceptions to the statute. *See Foster v. Commonwealth*, 8 Va. App. 167, 172, 380 S.E.2d 12, 15 (1989); *Moten v. Commonwealth*, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988).

 This statute and its predecessors have been the subject of numerous opinions and analyses by both this court and the Supreme Court of Virginia. It has been well established that (1) the statute is a furtherance of the constitutional rights of "speedy trial,"[1] but is subordinate to them, (2) the Commonwealth must explain a failure to try an accused within the statutory period or be held responsible for the delay, (3) exceptions expressly set forth in the statute are not "all inclusive" and "others of a similar nature may be implied," (4) delay attributable to a defendant "will not be considered in computing compliance with the statute," and (5) an assessment of delay is limited on appeal to the record before the court. *Godfrey v. Commonwealth*, 227 Va. 460, 463-64, 317 S.E.2d 781, 783-84 (1984); *see Stephens v. Commonwealth*, 225 Va. 224, 229-30, 301 S.E.2d 22, 26-27 (1983); *Holliday v. Commonwealth*, 3 Va. App. 612, 352 S.E.2d 362 (1987); *Cantwell v. Commonwealth*, 2 Va. App. 606, 347 S.E.2d 523 (1986).

The record in this case clearly indicates that the substantial delay of trial in this instance was occasioned by defendant's motion for an evaluation pursuant to Code § 19.2-169.1. Despite several written requests to defense counsel for information necessary to the examination, defendant did not respond until September 7, 1989, nearly five months after the initial correspondence. Thereafter, the evaluation was undertaken at Central State Hospital, followed by the written report, a competency hearing before the court on July 24, 1990, and trial on August 27, 1990. The record reflects that defendant was uncooperative during the examination and that the competency hearing was held on his motion. It is also apparent that defendant consented, through counsel, to the scheduled trial date.

---

[1] Va. Const., art. I, § 8; U.S. Const. amend. VI.

Defendant's pretrial motions were "by no means . . . frivolous or wholly without substance" and were acts "which necessitated a slowdown of the judicial process." *Stephens v. Commonwealth*, 225 Va. 224, 233, 301 S.E.2d 22, 27 (1983). The motions evinced no concern for a speedy trial and defendant's subsequent unresponsive and uncooperative conduct further confirmed his indifference. *See id.* at 233-34, 301 S.E.2d at 27; *Moten*, 7 Va. App. at 442-46, 374 S.E.2d at 706-08. Defendant's actions invited the delay which he now finds oppressive and such conduct removes his case from the protections afforded by the statute. *Moten*, 7 Va. App. at 442-45, 374 S.E.2d at 706-07; *Stephens*, 225 Va. at 233-34, 301 S.E.2d at 27; *see also Taylor v. Commonwealth*, 12 Va. App. 425, 428-29, 404 S.E.2d 86, 88-89 (1991); *Shearer v. Commonwealth*, 9 Va. App. 394, 399-400, 388 S.E.2d 828, 831-32 (1990); *Cantwell*, 2 Va. App. at 610-13, 347 S.E.2d at 525-27.

■ Defendant's constitutional claim is similarly without merit. He relies upon the four factors enumerated in *Barker v. Wingo*, 407 U.S. 514 (1972), to establish a denial of his Sixth Amendment right to a speedy trial. Under *Barker*, the considerations which must be balanced in a constitutional speedy trial analysis are (1) length of delay, (2) reason for delay, (3) assertion of defendant's right and (4) prejudice to defendant.[2] *Id.* at 530; *see Holliday*, 3 Va. App. at 616, 352 S.E.2d at 364.

While the Commonwealth concedes that the threshold issue, length of delay, is sufficient in this instance to trigger a *Barker* inquiry, this delay was largely attributable to defendant's motions and related conduct. *See Moten*, 7 Va. App. at 445, 374 S.E.2d at 708; *Fowlkes v. Commonwealth*, 218 Va. 763, 766, 240 S.E.2d 662, 664 (1978); *Beachem v. Commonwealth*, 10 Va. App. 124, 131, 390 S.E.2d 517, 520 (1990). Moreover, the defendant's speedy trial concerns first appeared on the day of trial and he asserts prejudice only as a result of "anxiety and concern" over "the outcome of the charges." *See Beachem*, 10 Va. App. at 133-34, 390 S.E.2d at 521-22; *Holliday*, 3 Va. App. at 620-21, 352 S.E.2d at 366-67; *see Miller v. Commonwealth*, 217 Va. 929, 936-37, 234 S.E.2d 269, 274-75 (1977), *cert. denied*, 434 U.S. 1016 (1978).

---

[2] *Barker* identified three specific concerns of an accused contemplated by the Sixth Amendment: (i) oppressive pretrial incarceration, (ii) anxiety and concern, and (iii) impairment of the defense. *Barker*, 407 U.S. at 532.

■ "[S]peedy trial claims require a functional analysis of the rights in the context of the particular facts" of a case and, in the "balancing test," the "conduct of both the prosecution and the defendant is examined." *Holliday*, 3 Va. App. at 616, 352 S.E.2d at 364; *See also Sheard v. Commonwealth*, 12 Va. App. 227, 231, 403 S.E.2d 178, 180 (1991). We have reviewed and examined the conduct of the prosecution and the defendant, balanced the several considerations mandated by *Barker* and find no denial of the defendant's constitutional right of speedy trial.

■ Lastly, defendant challenges the sufficiency of the evidence to support the robbery conviction. When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

■ The elements of robbery, a common law offense in Virginia, include a " 'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation' " which precedes or is "concomitant with the taking." *Harris v. Commonwealth*, 3 Va. App. 519, 521, 351 S.E.2d 356, 356 (1986) (quoting *Johnson v. Commonwealth*, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968)).

Defendant threatened Stanton's life while brandishing an object which appeared to be a weapon. As a result, Stanton was fearful and surrendered the vehicle[3] to defendant. Defendant then escaped with both the automobile and Stanton's pistol, apparently taken by defendant while Stanton was in extremity. These circumstances amply support a robbery conviction.

---

[3] Robbery is a crime against the person. The Commonwealth is not required to prove that the victim owned the property taken; it need only prove that the possessory rights of the victim are superior to those of the thief. *Hairston v. Commonwealth*, 2 Va. App. 211, 217, 343 S.E.2d 355, 359 (1986).

Accordingly, the judgment of conviction is affirmed.

*Affirmed.*

Benton, J., and Willis, J., concurred.