COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


JAMES BRAXTON FOLEY
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0977-96-2     JUDGE LARRY G. ELDER
                                      FEBRUARY 18, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Robert W. Duling, Judge


            Edward D. Barnes (Michael HuYoung; Laura A.
            Thornton; Edward D. Barnes & Associates,
            P.C., on brief), for appellant.

            Margaret Ann B. Walker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



     James Braxton Foley (appellant) appeals his conviction of

driving while intoxicated in violation of Code § 18.2-266.

He contends that the evidence was insufficient to prove that

venue was proper in the City of Richmond.  For the reasons that

follow, we affirm.

     Code § 19.2-244 states that "the prosecution of a criminal

case shall be had in the county or city in which the offense was

committed."  "[T]he burden is upon the Commonwealth to prove

venue by evidence which is either direct or circumstantial.  Such

evidence must furnish the foundation for a 'strong presumption'

that the offense was committed within the jurisdiction of the

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

court."  Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (citing Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).  "The facts proved may be aided by judicial notice of geographical facts that are matters of common knowledge or shown by maps in common use."  McClain v. Commonwealth, 189 Va. 847, 853, 55 S.E.2d 49, 55 (1949).  "When the sufficiency of the evidence is challenged on appeal, . . . we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

We hold that the evidence was sufficient to support the trial court's conclusion that venue was proper in the City of Richmond.  At trial, Officer Thomas Campbell of the University of Richmond Police testified that he observed appellant shortly before his arrest on the night of November 3, 1995.  Officer Campbell testified that he saw appellant driving westbound on Lakeview Lane, which is on the campus of the University of Richmond.  After appellant objected to the venue of his case in the City of Richmond, the trial court examined two maps provided by the Commonwealth: the first was "ADC's Street Map of Richmond and Vicinity, 10th edition" (ADC map) and the second was a map of the City of Richmond and environs produced in 1982 by the Department of Public Works of the City of Richmond.  The trial court then took judicial notice of the location of the University

of Richmond campus in relation to the boundary between Henrico County and the City of Richmond and overruled appellant's objection regarding venue. Upon close inspection, the ADC map indicates that Lakeview Lane is located within the City of Richmond's boundaries. Therefore, we cannot say that the trial court's conclusion that venue was proper in the City of Richmond was plainly wrong or without evidence to support it.

Appellant argues that the location of Lakeview Lane is so near the boundary of Henrico County that evidence in addition to the ADC map is required to prove that Lakeview Lane is in the City of Richmond. We disagree. The evidence proved that appellant was driving westbound on Lakeview Lane. The ADC map clearly indicates that all of Lakeview Lane is within the boundaries of the City of Richmond. Because the ADC map clearly indicates that no portion of Lakeview Lane lies within Henrico County, the Commonwealth was not required to produce additional evidence to prove that appellant was within the City of Richmond when he was driving on this road.

The trial court also based its conclusion that venue was proper in the City of Richmond upon its examination of the map produced by the Department of Public Works. Appellant does not contend that this map failed to show that Lakeview Lane is within the City of Richmond. Instead, appellant argues that this map is unreliable because of its age and intended use. However, no evidence in the record discredits the reliability of this map.

In addition, a copy of this map is not included in the appellate record for our review.  Because appellant has not met his burden of presenting a sufficient record from which we can determine whether the trial court's reliance on this map was erroneous, we will presume that no error was committed.  See <u>Smith v. Commonwealth</u>, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

For the foregoing reasons, we affirm the conviction of driving while intoxicated in violation of Code § 18.2-266.

<u>Affirmed</u>.