COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


CHRISTINA MEREA BAILEY

MEMORANDUM OPINION* BY
v.   Record No. 0485-01-4     JUDGE JERE M. H. WILLIS, JR.
                              MARCH 12, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

Edwin C. Brown, Jr. (Brown, Brown & Brown,
P.C., on brief), for appellant.

Virginia B. Theisen, Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


Christina Bailey was convicted in a bench trial of grand larceny, in violation of Code § 18.2-95. On appeal, she contends that the trial court erred in finding the evidence was sufficient to support her conviction. We affirm the judgment of the trial court.

## I.  BACKGROUND

On January 6, 2000, Martha Williams went to the Arlington Hospital emergency room to have her right elbow examined. At the time of her check-in, Ms. Williams wore on her right wrist a $2,500 diamond and gold tennis bracelet. A plastic hospital

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

identification band was placed over the bracelet.  Ms. Williams was installed in an examination room that had only a curtain as one of its walls.

Bailey, a phlebotomist, entered the examination room and having assisted Ms. Williams into a hospital gown, began preparing to take a blood sample.  While she was making these preparations, Dr. Steve Danaceau entered the examination room, took Ms. Williams' pulse, and drew on her elbow with an ink pen. He remained in the room, observing Bailey.

Bailey attempted to draw blood from Ms. Williams' left arm. Encountering difficulty, she moved to the right arm.  While her blood was being drawn, Ms. Williams saw Bailey twirl the bracelet around her wrist.  Dr. Danaceau, however, recalled only seeing Bailey twirl Ms. Williams' patient identification band. Upon completing the blood extraction, Bailey left the examination room.  Dr. Danaceau then performed range of motion tests and discussed with Ms. Williams the possibility of surgery.  He then left the room.

Approximately five minutes later, Ms. Williams realized her bracelet was missing.  She performed a cursory search of the examining room.  Not finding the bracelet, she left the examination room, approached Dr. Danaceau, and informed him that her bracelet was missing.  Dr. Danaceau called security and returned to the examining room to assist Ms. Williams in looking

-

for the bracelet.  They were unsuccessful.  The bracelet was never recovered.

Bailey was convicted in a bench trial of grand larceny, in violation of Code § 18.2-95.  She was sentenced to serve three years in prison, with two years and eight months suspended.  A condition of the suspension was $3,000 in restitution to Ms. Williams.

## II.  <u>ANALYSIS</u>

On appeal, Bailey contends that the evidence was insufficient to convict her of grand larceny.  We disagree.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  The conviction will be disturbed only if plainly wrong or without evidence to support it.

<u>Jones v. Commonwealth</u>, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

Bailey argues that the evidence against her is merely circumstantial and fails to exclude a reasonable hypothesis of her innocence; namely, that Dr. Danaceau may have stolen Ms. Williams' bracelet.  Whether this argument "is a 'reasonable hypothesis of innocence' is a question of fact.  '[W]hat inferences are to be drawn from proved facts is within the province of the [fact finder] . . . so long as the inferences are reasonable and justified.'  'The weight which should be

-

given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide.'" Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988) (citations omitted).

The evidence supports the trial court's finding that the bracelet was taken. Only either of two persons could have taken it, Bailey and Dr. Danaceau. However, Bailey was the only person who showed an interest in it. Ms. Williams observed Bailey twisting the bracelet while she was drawing blood. Ms. Williams last saw the bracelet when Bailey was manipulating it. Dr. Danaceau never touched the bracelet. He helped Ms. Williams try to find it.

The hypothesis that Dr. Danaceau was the thief does not follow from the evidence and, thus, is not reasonable. The evidence supports the trial court's finding that the bracelet was taken and that Bailey took it. The judgment of the trial court is affirmed.

Affirmed.
