COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton


CANDICE MILES

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2958-00-4       JUDGE JERE M. H. WILLIS, JR.
                                           MARCH 12, 2002
COMMWEALTH OF VIRGINIA



            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  William T. Newman, Jr., Judge

            (Christina Monroe Smith; Sherise Law Firm, on
            brief), for appellant.  Appellant submitting
            on brief.

            (Randolph A. Beales, Attorney General;
            Linwood T. Wells, Jr., Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     On appeal from her bench trial conviction of felony

embezzlement, in violation of Code § 18.2-111, Candice Miles

contends that the trial court erred in finding the evidence

sufficient to establish that she stole two hundred dollars or

more.  We affirm the judgment of the trial court.

                      I.  BACKGROUND

     While Miles worked as a bookseller at Waldenbooks in

Arlington County, the general manager of the store began to

notice cash shortages.  Over a period of approximately two

weeks, from February 14, 2000 to March 1, 2000, the general

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

manager identified a cash shortage of approximately $290.29. Miles was on duty at the store when these shortages occurred. On at least one occasion she was observed on videotape secreting cash from the cash register into her sock.

On March 2, 2000, store management confronted Miles about the missing money. Miles signed a statement admitting she had taken money out of the register. She stated, "I think I have taking [sic] about $200.00 or so and about the $20.00 on yesterday I had a cash purchase and after the customer payed [sic] for there [sic] book I took the money and put it in my pocket."

Miles was indicted for felony embezzlement, in violation of Code § 18.2-111. Following a bench trial, she was found guilty and was sentenced to serve one year in prison, which was suspended for one year on condition that she make restitution.

## II. ANALYSIS

On appeal, Miles contends that the evidence was insufficient to prove she stole $200 or more from her employer and, thus, failed to prove her guilty of a felony. We disagree.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it.

-

*Jones v. Commonwealth*, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

Miles contends that the Commonwealth failed to sustain its burden of proof because the evidence did not exclude every reasonable hypothesis of innocence. She argues the Commonwealth failed to prove that other employees had not taken money or that other employees had not returned too much change to customers. While the Commonwealth bears the burden of excluding reasonable hypotheses of innocence, meeting this burden requires only that it exclude reasonable hypotheses of innocence "which flow from the evidence itself, and not from the imagination of defendant's counsel." *Tyler v. Commonwealth*, 254 Va. 162, 166, 487 S.E.2d 221, 223 (1997).

Miles repeatedly stole money from the store. Over a two-week period, the general manager identified $290.29 missing from the store's receipts. The shortages occurred on days that Miles worked. A video camera recorded her stealing money from a cash register and placing it in her sock. When questioned by store management, she confessed to taking "$200 or so." This evidence supports no inference other than that Miles stole the missing $290.29. We affirm the judgment of the trial court.

<u>Affirmed.</u>

-