COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements


WALLY NATHANIEL BOONE

                                    MEMORANDUM OPINION* BY
v.    Record No. 1677-01-1        JUDGE JEAN HARRISON CLEMENTS
                                          AUGUST 20, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Lydia Calvert Taylor, Judge

            (B. Cullen Gibson, on brief), for appellant.
            Appellant submitting on brief.

            (Jerry W. Kilgore, Attorney General; Eugene
            Murphy, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting on
            brief.


     Wally Nathaniel Boone was convicted in a bench trial of

abduction for pecuniary benefit in violation of Code § 18.2-48 and

use of a firearm while committing abduction in violation of Code

§ 18.2-53.1. On appeal, he contends the trial court erred in

ruling that the evidence was sufficient to convict him of

abduction and its attendant charge of use of a firearm in the

commission of abduction because the detention of the victim was

inherent in the commission of the robbery.  Finding no error, we

affirm the convictions.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

Boone argues that taking money from the three cash registers in the front of the Blockbuster Video store and then proceeding to the back room and taking money from the safe there was one continuous robbery. He contends he needed an employee to open the safe; consequently, ordering the victim to go from the cash registers in the front of the store to the safe in the back of store was restraint necessary to complete the robbery. Thus, he concludes, the trial court erred in finding the evidence sufficient to convict him of abduction.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997). We will not disturb a conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

In Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), the Supreme Court recognized that the legislature did not intend, in enacting Code § 18.2-47, "to make the kind of restraint which

-

is an intrinsic element of crimes such as rape, robbery, and assault a criminal act, punishable as a separate offense." Id. at 314, 337 S.E.2d at 713. Accordingly, the Court held that

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Id. at 314, 337 S.E.2d at 713-14.

Robbery involves the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. See Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992). A defendant may be convicted of abduction in addition to robbery if the victim's detention is "greater than the restraint that is intrinsic in a robbery." Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994). Moreover, we have held that asportation to facilitate the commission or completion of a robbery is not an element inherent in, or necessary to, the robbery. See Phoung v. Commonwealth, 15 Va. App. 457, 462, 424 S.E.2d 712, 715 (1992). Likewise, we have held that "asportation to decrease the likelihood of detection is not an act inherent in or necessary to the restraint required in the

-

commission of" the related crime.  <u>Coram v. Commonwealth</u>, 3 Va. App. 623, 626, 352 S.E.2d 532, 534 (1987).

Here, the evidence proved that Boone entered the Blockbuster Video store, pulled out a gun, and ordered King Solomon Williams and Yolanda Holtz to remove the money from the three registers in the front of the store and place it in a blue and white Blockbuster bag.  Holtz, the store manager and only person who could open the registers, did as she was ordered, as did Williams.  Four customers were in the rear section of the store.  Boone asked Holtz "if there was anyone else in the back."  When Holtz said no, Boone said, "Let's walk to the back."

Once they were in the office at the back of the store, Boone ordered Williams to rip the phone cord out of the wall and sit down.  Boone told Holtz to open a safe that was in the office and remove the cash.  Holtz did so, placing the money from the safe into the same Blockbuster bag that contained the other money from the front registers.  Boone told Holtz to give him the store's surveillance tape.  He put the tape in the bag, told the two employees to "have a nice night," and walked out of the store.

Upon seeing on the store's security screen that Boone had left the store, Holtz ran out of the office to the front of the store.  She told the customers the store had been robbed and

-

asked them to leave.  She reported the crime to a security guard who was walking past the front of the store.

The trial court concluded that the robbery of Holtz was complete when she surrendered the money from the three cash registers to Boone.  Boone, the court found, did not know about the safe in the back office and was not looking for a safe when he ordered Holtz into the back of the store.  Rather, the court reasoned, because there were customers in the store, Boone ordered Holtz and Williams "from the front to the back of the store to keep them from alerting the customers that a robbery was in progress."  The court also observed that Boone's ordering Williams to rip the phone cord out of the wall and directing Holtz to surrender the incriminating surveillance tape were consistent with his desire to prevent the employees from alerting the customers or the police about the robbery and from identifying him as the robber.

Based upon our review of the record, we cannot say that the trial court's judgment was plainly wrong or without credible evidence to support it.  Because there is no evidence in the record to show that Boone was aware that there was a safe in the back of the store, the trial court could properly find from the evidence presented that Boone's detention and asportation of Holtz to the back of the store facilitated the commission or completion of the robbery.  The trial court was also entitled to find that Boone's detention and asportation of Holtz, like his

-

having the phone ripped from the wall and his retrieval of the surveillance tape, decreased the likelihood of his detection. Based on these findings, the trial court could then reasonably conclude that Boone's abduction of Holtz was "separate and apart from, and not merely incidental to" the restraint employed in the crime of robbery. Brown, 230 Va. at 314, 337 S.E.2d at 713-14. We hold, therefore, that the evidence presented at trial was sufficient to prove beyond a reasonable doubt that Boone abducted Holtz. Thus, the trial court did not err in convicting Boone of abduction and its attendant charge of use of a firearm in the commission of abduction.

Accordingly, we affirm Boone's convictions.

Affirmed.

-