COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McCullough and Senior Judge Willis
Argued at Richmond, Virginia


CHADWICH DESHAWN PRICE
                                                                OPINION BY
v.        Record No. 0192-11-3                        JUDGE ROBERT P. FRANK
                                                                MARCH 13, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

James C. Martin (Martin & Martin Law Firm, on brief), for
appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General; Kathleen B. Martin,
Senior Assistant Attorney General, on brief), for appellee.


Chadwich Deshawn Price, appellant, was convicted, in a jury trial, of robbery in violation

of Code § 18.2-58.[1]  On appeal, he contends the evidence was insufficient to prove the robbery

of S.S., claiming that the property was not taken from her presence.  For the reasons stated, we

affirm.

BACKGROUND

During the nighttime, appellant and two others forced entry into a single-wide trailer in

which D.C. and her twelve-year-old daughter, S.S., resided.  S.S. testified she awoke at night

with a gun in her face.  Two men told her to walk down the hall to her mother's bedroom which

is at the opposite end of the trailer.  A living room is situated between the two bedrooms.

---

[1] Appellant was also convicted of another count of robbery, one count of armed burglary,
in violation of Code § 18.2-89, one count of animate object sexual penetration, in violation of
Code § 18.2-67.2, and two counts of use of a firearm in the commission of a felony, in violation
of Code § 18.2-53.1.  None of these convictions are the subject of this appeal.

Once inside her mother's bedroom, the intruders made S.S. lie on the floor next to her mother. One intruder, the gunman, stayed in the bedroom with D.C. and S.S. while the other two intruders took property from within the residence. At trial, S.S. could not identify any of the intruders, although she testified one of the three wore gray and blue checkerboard shoes.

The intruders took S.S.'s cell phone, iPod, and camera, all from inside her pocketbook located in the living room.[2] The jury convicted appellant of robbery of S.S., and this appeal follows.

ANALYSIS

Appellant contends that since S.S.'s property was not taken from her person or in her presence, the trial court erred in convicting him of robbing S.S. and the use of a firearm in connection with that robbery. He points to the uncontroverted evidence that S.S.'s property was taken from another room while S.S. was in her mother's bedroom.[3]

"'Robbery at common law is defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991) (quoting Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964)). The act of violence or

---

[2] While D.C. testified that the purse was stolen from S.S.'s bedroom, S.S. testified that it was taken from the living room. This evidentiary inconsistency bears no relevance to our analysis.

[3] Appellant also argues, in his brief, the evidence was insufficient to prove he had the requisite intent to rob S.S. This issue was not included in his assignment of error. Rule 5A:20(c) requires us to hold that this issue is waived because it is not part of appellant's assignment of error. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)).

intimidation employed must precede or be concomitant with the taking.  Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

In asking us to affirm, the Commonwealth relies on Bunch v. Commonwealth, 225 Va. 423, 304 S.E.2d 271 (1981).  There, the victim was murdered and various items of her personal property were removed from her residence.  The record did not disclose the specific location of the items within the residence prior to the theft.  Bunch argued the evidence was insufficient to prove robbery since nothing proved the items were taken from the victim's person or in her presence.  Id. at 439, 414 S.E.2d at 280.  The Supreme Court of Virginia rejected this argument, concluding that the phrase ""'of the personal property of another, from his person or in his presence" has been broadly construed to include the taking of property from the custody . . . or . . . the constructive possession of . . . another.'"  Id. at 440, 414 S.E.2d at 281 (quoting Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 605-06 (1973)).  The Court noted that it does not "make any difference whether, as Bunch asserts, 'the items [stolen] could have been taken from parts of the residence away from where the victim was shot.'"  Id. (alteration in orginal).

In Clay v. Commonwealth, 30 Va. App. 254, 516 S.E.2d 684 (1999) (*en banc*), two men were walking from a grocery store when they were approached by Clay and another individual.  Clay pointed a handgun at one victim's chest and removed the victim's coat from his person.  Id. at 257, 516 S.E.2d at 685.  Both victims testified that when Clay took the coat from the first man, it contained two twenty-dollar bills belonging to the second man.  When Clay pointed the pistol at the first victim, the two men were standing "almost shoulder to shoulder."  Id.

Clay argued at trial that the evidence was insufficient to sustain his conviction of robbing the second victim because no property was taken from the second victim's person or presence.  Id. at 259, 516 S.E.2d at 686.  Explaining that robbery is a common law offense, this Court stated, "'the taking must be from what is technically called the "person"; the meaning of which

. . . is, not that it must be from . . . actual contact . . . [with] the person, but it is sufficient if it is from . . . [that person's] personal protection and presence."' Id. (quoting Falden v. Commonwealth, 167 Va. 542, 546, 189 S.E. 326, 328 (1937)). The Court affirmed the robbery conviction by concluding:

> The term "in the presence" is "not so much a matter of eyesight as it is one of proximity and control: the property taken in the robbery must be close enough to the victim and sufficiently under his control that, had the latter not been subjected to violence or intimidation by the robber, he could have prevented the taking."

Id. (quoting Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.11, at 780 (2d ed. 1986)); see also Houston v. Commonwealth, 87 Va. 257, 264, 12 S.E. 385, 387 (1890) ("[T]he taking [in a robbery] must be from what is technically called the 'person;' the meaning of which expression is, not that it must necessarily be from the actual contact of the person, but it is sufficient if it is from the personal protection and presence.").

In People v. Blake, 579 N.E.2d 861 (Ill. 1991), the Illinois Supreme Court addressed the same factual scenario as presented here. The robbery victim and another woman were in a bedroom on the second floor of her house. The victim was held at gunpoint while other perpetrators looted the first floor of the victim's personal property. Blake argued the stolen items were not taken from the victim's presence, since she was not in control of those items located on the first floor. Id. at 863. In affirming the conviction, the Illinois Supreme Court held, "the presence element of robbery or armed robbery may be established if the owner, possessor, or custodian of the property is on the premises at the time of the occurrence." Id. at 864. The court explained that there was nothing in the facts of that case to suggest that the women, still on the second floor, intended to relinquish control over the property on the first floor. Id. The court noted that before the victims retired to the second floor for the evening, they locked the doors of the home to secure themselves, the structure, and its contents from intruders. Id. In addition, the court

pointed out that the intruders believed that the owner was in control of her home and all its contents at all times. Had the intruders believed otherwise, observed the court, the intruders would not have demanded the owner's car keys or used force and the threat of force to keep the women from protecting the house. The court concluded:

> Under these circumstances, the fact that neither woman had been on the first floor of the home for several hours is immaterial. We conclude that because the women were in the house during the acts of violence and the taking of property, the jury could properly find that the property was taken from their presence.

Id.

Guided by these principles, it is clear that "[a] robber takes property from the victim's presence if he locks or ties the victim up in one room of a building and then helps himself to valuables located in another room of the same building . . . ." 3 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 20.3(c), at 179-80 (2d ed. 2003). On the evidence before us, we find that the items taken from S.S.'s purse located in another room of the trailer were close enough to her and sufficiently under her control that, had she not been subjected to violence and intimidation by the intruders, she could have attempted to prevent the taking of her personal items. The perpetrators, through the use of violence and death threats, prevented S.S. from protecting her property located elsewhere in her residence. Because of the intruders' actions, S.S. was unable to maintain physical control of her property. Thus, we conclude that because S.S. was in the residence during the acts of violence and the taking of the property, the trial court properly found that S.S.'s property was taken from her presence. See Clay, 30 Va. App. at 259, 516 S.E.2d at 686.

Thus, the evidence viewed in the light most favorable to the Commonwealth proves that appellant committed the offense charged and his conviction is affirmed.

Affirmed.