COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Athey and White
Argued at Richmond, Virginia


RHASEAN SHAMAR ANDERSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0993-22-2                CHIEF JUDGE MARLA GRAFF DECKER
                                                    OCTOBER 17, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

James Joseph Ilijevich for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The trial court convicted Rhasean Shamar Anderson of two counts of distributing a

Schedule I or II substance and sentenced him to nine years of active incarceration.  The appellant

contends that the trial court erred by imposing the active term of incarceration, by denying his

motion to vacate his sentence, and by denying his motion to withdraw his guilty plea.  For the

reasons that follow, we affirm the trial court's judgment.

BACKGROUND[1]

The Commonwealth's evidence established that on February 19, 2019, Virginia State

Police Special Agent T.M. Chrisley saw the appellant engage in conduct "consistent with

dropping off cocaine for immediate resale."  The appellant had been the subject of another drug

investigation and was known to have multiple convictions for selling narcotics.  Law

_____

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The appellate court views the evidence in the light most favorable to the prevailing
party at trial, in this case the Commonwealth.  *Stone v. Commonwealth*, 297 Va. 100, 102 (2019).

enforcement obtained a warrant and arrested the appellant on February 27, 2019, after observing him "arrive at and then quickly leave the same place" as the week before. He attempted to flee, but officers apprehended him and found drugs and money on his person in a search incident to his arrest. The police found marked bills they had provided previously for controlled drug purchases among the cash the appellant carried. He admitted his involvement in the drug sales and agreed to cooperate with the police in their ongoing investigation. He then participated in controlled drug purchases, ultimately leading to the arrest and conviction of a heroin dealer. The police discovered, however, that while he was cooperating, the appellant also obtained drugs from the same dealer. After refusing to take a polygraph test when asked about the murder of another suspected drug dealer, the appellant was returned to custody.

In September 2021, the appellant and the Commonwealth reached a plea agreement. As part of the agreement, the Commonwealth amended both indictments to charge a first offense rather than a third or subsequent offense. This reduced the appellant's sentencing exposure from a maximum of two life sentences with ten-year mandatory minimums to a maximum sentence of forty years each, with five-year mandatory minimums. The Commonwealth also agreed to nolle pross other charges against the appellant and to inform the trial court at sentencing of "all the assistance" he had given the Commonwealth. In the written plea agreement, the appellant acknowledged that the trial "court is free to impose any lawful sentence on those two counts of first offense distribution of a schedule I or II substance."

Before accepting the appellant's guilty plea, the trial court conducted a thorough colloquy. The appellant acknowledged that he understood the charges against him and had had time to discuss them with his attorney. He confirmed that he had decided for himself that agreeing to plead guilty was in his "best interest." He also acknowledged that he understood the potential sentences for each charged offense. The court found that the appellant had voluntarily,

knowingly, and intelligently entered his guilty plea after thorough consultation with his attorney, and found him guilty of the two drug distribution offenses. The court ordered a presentence report and set the case for sentencing.

The sentencing hearing was continued at the appellant's request, and the judge who had found him guilty did not preside at the later sentencing hearing. In accordance with the plea agreement, the Commonwealth informed the trial court of the appellant's cooperation with the police. The prosecutor also told the court about the appellant's indiscretions while on bond, which led to his re-confinement. The appellant asked for a downward departure from the sentencing guidelines based on his cooperation and acceptance of responsibility. The trial court noted that the appellant had accepted responsibility for the offenses and had provided "substantial assistance" to the Commonwealth. Emphasizing that the appellant had already received a significant benefit from the Commonwealth based on the amended indictments and nolle prossed charges, the court sentenced him to fifty years of incarceration with all but nine years suspended.

The appellant did not object during the sentencing hearing to a different judge sentencing him. After the entry of the final order, however, he filed a motion to vacate and reconsider his sentence, alleging that the judge who accepted his guilty plea should have been the one to sentence him. The trial court denied the motion without a hearing.

The appellant then moved to withdraw his guilty plea, arguing that the Commonwealth breached the plea agreement by downplaying his cooperation with the police and emphasizing his criminal conduct. Following a hearing on the motion, the trial court found that the

Commonwealth had not breached the agreement and denied the appellant's motion to withdraw his plea.[2]

ANALYSIS

The appellant contends that the trial court erred by imposing the active term of incarceration, by denying his motion to vacate his sentence, and by denying his motion to withdraw his guilty plea.

I. Challenge to Discretionary Sentencing Determination

The appellant argues that the trial court erred by sentencing him to an active term of incarceration, "disregarding the adjusted low end of the guidelines and ignoring mitigating evidence including cooperation" with the Commonwealth.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Commonwealth v. Swann*, 290 Va. 194, 197 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). A trial court abuses its discretion by failing to consider a significant relevant factor, giving significant weight to an irrelevant or improper factor, committing a clear error of judgment, or making a mistake of law. *See Minh Duy Du*, 292 Va. at 564-65; *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed

---

[2] The appellant made a *pro se* request to modify his sentence pursuant to Code § 19.2-303, which the trial court denied on July 26, 2022. He did not appeal that ruling.

that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

To address the appellant's challenge, we are also guided by certain basic well-established principles relating to sentencing and the use of guidelines. "The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's decision not to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. *See Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019); *Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998).

The sentence the trial court imposed was within the range set by the legislature. *See* Code § 18.2-248. The court had evidence presented by the appellant in mitigation. It considered any mitigating circumstances, including the appellant's cooperation with the police and letters from his family and friends describing his good character, but it "was not obligated to find" that those factors merited a reduced sentence. *Cellucci v. Commonwealth*, 77 Va. App. 36, 52 (2023) (en banc); *see Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). And, "[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). There is simply no evidence in this case to support a finding that the trial court "purposefully ignored mitigating factors." In fact, the record demonstrates the contrary. For

example, the court noted that the appellant accepted responsibility for his actions and provided "substantial assistance" to law enforcement. The court logically and reasonably weighed those factors in light of the other evidence.

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Evidence of mitigation is considered in light of all the relevant circumstances. *See Lawlor v. Davis*, 288 Va. 223, 244-45 (2014). Here, the appellant's cooperation and participation in controlled drug buys leading to the arrest and conviction of another drug dealer was balanced against his continued criminal conduct, even while on bond and working with the police. The appellant had "extensive experience in selling narcotics" and was part of a large drug trafficking organization. The trial court could have imposed a total of eighty years on the appellant's convictions but imposed only fifty years and suspended forty-one years, leaving him nine years to serve. We hold that the court clearly did not abuse its discretion in sentencing the appellant.

## II. Motion to Vacate Sentence

The appellant argues that the trial court should have granted his motion to vacate his sentence because he was not sentenced by the judge who accepted his guilty plea and he did not have a substance abuse screening as required by Code § 19.2-299(D). He also asserts that the court abused its discretion by denying his motion without a hearing.

The decision of whether to grant or deny a motion to vacate, or to hold a hearing on the motion, is a matter within the trial court's discretion and will not be disturbed on appeal unless the court abused its discretion. *See Cloutier v. Queen*, 35 Va. App. 413, 421 (2001). No abuse

of discretion occurred here because the trial court considered all relevant factors, did not consider any improper factors, did not commit a clear error in judgment, nor make an error of law. *See Cellucci*, 77 Va. App. at 46.

The appellant first contends he was entitled to a new sentencing hearing so that the judge who had taken his guilty plea could sentence him because that judge "had extensive knowledge about [him] and all the circumstances surrounding the case." He asserts that "the sentencing judge . . . did not have many of the details regarding [his] history, his statements or the circumstances surrounding his plea," which had been included in pretrial motions filed by both parties.

The record reflects that the original trial judge was to preside over the scheduled sentencing hearing, but that hearing was continued at the appellant's request because his attorney had been exposed to COVID. Nothing in the record supports the appellant's implicit assertion that the original judge would have been in a better position to assess the evidence and sentence him. He cites no authority to support his proposition that he was entitled to have a specific judge sentence him, and we know of none.[3] To the contrary, we adhere to the reasonable conclusion that "[a] defendant has no vested right to have his case tried before any particular judge." *Anderson v. State*, 327 P.3d 89, 95 (Wyo. 2014) (quoting *United States v. Keane*, 375 F. Supp. 1201, 1204 (N.D. Ill. 1974)). In fact, Code § 17.1-503(B) expressly allows more than one judge to hear different parts of a case. The statute provides that "the judge before whom an accused is arraigned in criminal cases [may] hear[] all aspects of the case on its merits" and "any judge in any case who has heard any part of the case on its merits [may] hear[] the case to its conclusion."

---

[3] Rule 5A:20(e) requires a party to include in the argument portion of his brief "principles of law and authorities" for each assignment of error. If the failure to comply is "significant," the claim may be waived. *Conley v. Commonwealth*, 74 Va. App. 658, 681 (2022) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017)). In this case, the Court assumes without deciding that Rule 5A:20(e) does not bar consideration of the merits of the issue.

*See Lynch v. Commonwealth*, 39 Va. App. 89, 95 (2002) (rejecting the defendant's argument that Code § 17.1-503(B) required the judge who heard his suppression motion to preside at his later trial).

The record demonstrates that the sentencing judge was aware of the facts and circumstances of the appellant's case. All motions and responses were in the court's record. Further, the sentencing judge had heard the appellant's motions for bond, dismissal on speedy trial grounds, and a "discovery protective order." The Commonwealth proffered a detailed recitation of the facts and circumstances at the sentencing hearing. The appellant had the opportunity to refute portions of the proffer and provide his version of the events, including any additional information about his cooperation with the Commonwealth. The judge specifically stated that he had reviewed the sentencing memorandum submitted by the appellant's counsel, which included several letters attesting to the appellant's good character. Accordingly, we hold that the trial court did not abuse its discretion in denying the motion to vacate the appellant's sentence on this basis.

The appellant next argues that the trial court should have vacated his sentence and conducted a new sentencing hearing because he did not undergo a substance abuse screening as part of his presentence investigation. Code § 19.2-299(D) provides that "[a]s a part of any presentence investigation conducted pursuant to subsection A, when the offense for which the defendant was convicted was a felony, not a Class 1 felony, committed on or after January 1, 2000, the defendant shall be required to undergo a substance abuse screening pursuant to § 18.2-251.01."

We hold that this issue is barred because the appellant did not timely and specifically object at the sentencing hearing. The appellant acknowledged in court that he had reviewed the presentence report with his attorney. Obviously, he knew when the sentencing hearing was held

that no substance abuse screening had been done on him. Nevertheless, he waited until *after* the trial court imposed sentence to assert that he had not been screened. His objection came too late.[4] *See Jiddou v. Commonwealth*, 71 Va. App. 353, 373 (2019) (holding that "[p]ost-trial motions regarding admission of evidence generally are not timely" (quoting *Jones v. Commonwealth*, 50 Va. App. 437, 445 (2007))). We hold that in light of the record before us, this issue is barred from a review on the merits.

Finally, the appellant asserts that the trial court abused its discretion by denying his motion without conducting a hearing. This challenge was not included in the appellant's assignment of error. As a result, "Rule 5A:20(c) requires us to hold that this issue is waived." *Price v. Commonwealth*, 59 Va. App. 764, 766 n.3 (2012). In any event, it is worth noting that the trial court was not required to hold a hearing before denying the motion to vacate. *See Cellucci*, 77 Va. App. at 47 n.5 (noting that whether to hold a hearing to modify a defendant's sentence pursuant to Code § 19.2-303 was "a matter within the court's discretion"); *Amos v. Commonwealth*, 61 Va. App. 730, 741 (2013) (en banc) (observing that a party does not have a "right to present oral argument on a motion to reconsider"), *aff'd*, 287 Va. 301 (2014).

### III. Motion to Withdraw Guilty Plea

The appellant argues that the trial court erred by denying his motion to withdraw his guilty plea "when the plea agreement and the transcript of [his] plea [hearing] showed that the Commonwealth['s] Attorney understated and even undermined the evidence of the [a]ppellant's

---

[4] Faced with this record, the appellant's counsel candidly conceded at oral argument that the issue had not been preserved for appeal. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."); *Blevins v. Commonwealth*, 63 Va. App. 628, 633-34 n.1 (2014); *Cuffee v. Commonwealth*, 61 Va. App. 353, 367-68 n.4 (2013). This Court appreciates counsel's candor as it "embodies the ethical duties expected of a legal advocate and is held in high esteem." *Nimety v. Commonwealth*, 66 Va. App. 432, 436 n.3 (2016) (citing Va. R. of Prof'l Conduct 3.3 ("Candor Toward The Tribunal")).

cooperation with law enforcement, which was agreed upon, at the time of his plea, to be mitigation at sentencing." We cannot address the merits of this claim because the transcript of the hearing on his motion to withdraw his plea was not timely filed.

Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment." This Court may extend the deadline "upon a written motion filed within 90 days after the entry of final judgment" provided the appellant shows "good cause to excuse the delay." Rule 5A:8(a).

The trial court entered the final order on June 16, 2022, and the transcripts were due August 15, 2022. The appellant did not file the transcript from the hearing on his motion to withdraw his guilty plea until August 31, 2022. Further, the appellant did not move for an extension of time to file the transcript, and the time to do so has expired. *See* Rule 5A:3(c)(1). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

The lack of a timely filed transcript does not prevent this Court from addressing an appellant's assignment of error "[i]f the record on appeal is sufficient in the absence of [a] transcript to determine the merits of the appellant's allegations." *Salmon v. Commonwealth*, 32 Va. App. 586, 590 (2000) (alterations in original) (quoting *Turner*, 2 Va. App. at 99). Conversely, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

Here, the order entered following the hearing on the appellant's motion to withdraw his guilty plea specifically states that the trial court denied the motion "for reasons stated on the record." Without a transcript, this Court does not know what the trial court's reasons were. We also do not know what arguments the appellant made or what responses the Commonwealth provided. Under these circumstances, we conclude that the transcript is indispensable for this Court to resolve this issue. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) (holding that the transcripts were indispensable to addressing the appellant's claim that the prosecutor repeatedly referred to facts not in evidence). Because the appellant failed to provide a timely filed transcript, which is indispensable to resolving the issue regarding withdrawal of his guilty plea, we cannot consider the merits of this assignment of error. *See* Rule 5A:8(b)(4)(ii).

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. We remand the case to the trial court for the sole purpose of correcting clerical errors in the conviction and sentencing orders.[5]

*Affirmed and remanded.*

---

[5] The appellant initially was charged with two counts of distribution of a controlled substance as a third offense, CR20-993 and CR20-1220, but both charges were amended to first offenses. The conviction order recites that only CR20-993 was amended but states that the trial court found the appellant guilty of two first offenses. The sentencing order imposes sentence for both counts but states that the court found the appellant "guilty of One (1) Count of Two (2) Counts of Distributing a Schedule I/II Controlled Substance, 1st Offense." Consequently, we remand solely for correction of the clerical errors in the orders. *See* Code § 8.01-428(B); *Bagley v. Commonwealth*, 73 Va. App. 1, 30 n.10 (2021).